UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

| | |
|---|---|
| PHILLIPS DISTRIBUTORS, INC.,<br>Plaintiff(s); | )<br>)<br>) |
| -vs.- | )<br>) |
| MAGNATEK, INC.,<br>Defendant(s). | )  No. CV-94-P-2374-S<br>)<br>) |
| -vs.- | )<br>) |
| LITTON SYSTEMS, INC.; LITTON<br>INDUSTRIES, INC.; and JOHN C.<br>WHITEHEAD | )<br>)<br>) |

ENTERED

MAY 19 1997

## OPINION

Five motions were considered at a hearing on May 12, 1997: a Motion to Reconsider and a Supplemental Motion to Reconsider by Phillips Distributors, Inc. ("Phillips") and John C. Whitehead ("Whitehead"); a Motion to Dismiss or for Summary Judgment by Litton Systems, Inc. and Litton Industries, Inc. (collectively "Litton"); two Motions for Partial Summary Judgment by MagnaTek, Inc. ("MagnaTek").

### Facts

Whitehead owned property in Alabama, which he leased to Litton Systems in 1973. In 1984, MagnaTek bought a portion of Litton and assumed the lease. Whitehead sold the property to Phillips in 1987. Phillips is a Mississippi corporation incorporated to engage in the gasoline business. Some part of Phillips' business involves owning and leasing property. Phillips' is not registered to do business in Alabama. MagnaTek and Phillips negotiated a new lease in 1989, after the old lease had terminated. MagnaTek left the property and terminated the lease in 1994.

The property was determined to be polluted, and the Alabama Department of Environmental Management ("ADEM") has since required that Phillips submit a corrective action plan for cleaning up the pollution on the property.

## Analysis

I.   Phillips' and Whitehead's Motion to Reconsider

Phillips and Whitehead moved to reconsider the court's October 1, 1996 order granting summary judgment to MagnaTek on counts V and VII of Phillips' Amended Complaint and on counts IX and XII of Phillips' Second Amended Complaint and granting summary judgment for Litton on counts IV, V, VI, VII, and VIII of Phillips' counterclaims. Because Phillips and Whitehead have not introduced evidence sufficient to indicate that the court's prior opinion was in error, the Motion to Reconsider and Supplemental Motion to Reconsider are due to be denied.

II.  Litton's Motion for Summary Judgement

Litton moved for summary judgment on counts I, II, and III of Phillips' and Whitehead's counterclaims against Litton. Counts I and II are based on section 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607. Count I seeks recovery for expended response costs, compensatory damages, punitive damages, and the costs of this action, including attorneys' fees.[1] Whitehead's count I differs in that it does not assert that Whitehead has incurred any response costs as yet, but seeks recovery for potential costs to be expended. Count II seeks a declaratory judgment that Litton will be responsible for all future response costs. Count III seeks indemnification under the 1973 lease for claims made

---

1. Whitehead and Phillips have conceded that punitive damages and attorneys' fees are not recoverable under CERCLA.

2

by Litton and MagnaTek in this suit and, in the case of Phillips, for demands made by ADEM.

As to the CERCLA claims, Litton argues that both Phillips and Whitehead are potentially responsible parties ("PRP"s) and thus cannot bring actions based on section 107. Phillips and Whitehead respond that PRPs innocent of depositing any pollution on the property can bring a cause of action under section 107. Litton also argues that the indemnity claim in count III is preempted by CERCLA section 113, 42 U.S.C. § 9613.

In *Redwing Carriers v. Saraland Apartments*, 94 F.3d 1489 (11th Cir. 1996), the Eleventh Circuit stated that an innocent party to the contamination of the property could pursue a cost recovery action based solely on section 107. *Id.* at 1496. The *Redwing* court left open the definition of what constitutes an innocent party capable of bringing such an action. The Seventh Circuit has concluded that a landowner, technically defined as a PRP under section 107, can bring a section 107 action for recovery costs if it played no part in creating the hazardous condition. *Rumpke of Indiana, Inc. v. Cummins Engine Company, Inc.*, 107 F.3d 1235, 1239-42 (7th Cir. 1997). Because there exist material issues of fact as to whether Phillips and Whitehead are innocent parties entitled to bring a section 107 action, Litton's Motion for Summary Judgment as to Phillips' counts I and II is due to be denied.

However, Litton's Motion for Summary Judgment is due to be granted as to Whitehead's count I because Whitehead has not stated a prima facie case under section 107, which requires that a plaintiff allege that he has incurred response costs. *Redwing*, 94 F.3d at 1496. In addition, Litton's Motion for Summary Judgment is due to be granted as to Whitehead's count II because plaintiffs seeking declaratory judgments for future response costs must demonstrate that they have incurred at least some necessary response costs, *Brewer v. Ravan*, 680 F. Supp. 1176, 1179

3

(M.D. Tenn. 1988), or allege facts demonstrating an actual case or controversy, and Whitehead has not done so.

State law claims against responsible parties that are essentially contribution claims that could be brought under section 113 are preempted by CERCLA. *Edward Hines Lumber Co. v. Vulcan Materials Co.*, 685 F. Supp. 651, 657-58 (N.D. Ill. 1988). Therefore, to the extent that count III seeks recovery for amounts otherwise recoverable under section 113, Phillips' and Whitehead's indemnity claim is preempted by CERCLA and Litton's Motion for Summary Judgment is due to be granted. However, to the extent that count III seeks state law recoveries that are not obtainable under CERCLA, the claims still remain viable at this stage.

III.   MagnaTek's Motion for Partial Summary Judgment (Leases)

MagnaTek moved for summary judgment on counts III, IV, VIII, IX, and X of Phillips' Amended Complaint and Second Amended Complaint. Four of the claims are for indemnity based on the 1973 and 1989 leases and one is for breach of the 1973 lease. MagnaTek also moved for summary judgment on count III of Whitehead's counterclaim, which is for indemnity based on the 1973 lease. MagnaTek argues that because Phillips was doing business in Alabama, Phillips' failure to register to do business in Alabama precludes it from pursuing the above contract claims.

A corporation which "does business" in Alabama but fails to obtain a certificate of authority is not entitled to bring contract-based lawsuits in the Alabama courts. ALA. CODE § 10-2B-15.02(a). A corporation is doing business in Alabama if it is "engaged in the transaction of business, or any part thereof, it was created and organized to transact." *Friedlander Bros., Inc. v. Deal*, 118 So. 508, 520 (Ala. 1928). Because there exists a material issue of fact with regarding whether Phillips is qualified for the *Friedlander* exception, MagnaTek's Motion for

4

Summary Judgment is due to be denied.

IV.   MagnaTek's Motion for Partial Summary Judgment (CERCLA)

MagnaTek moved for summary judgment on counts I and II of Phillips' Amended Complaint and counts I and II of Whitehead's counterclaim. The counts are the same as the CERCLA counts discussed above in the context of Litton's Motion for Summary Judgment. For the reasons discussed above, MagnaTek's Motion for Partial Summary Judgment is due to be denied as to Phillips' counts I and II and granted as to Whitehead's counts I and II.

Dated: May 19, 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. Franklin J. Ozment
    Mr. Lawrence B. Clark
    Mr. John Hahn
    Mr. Stuart E. Hunt
    Mr. Jefferson E. Stewart
    Mr. Eugene R. Wasson
    Mr. Samuel H. Franklin
    Mr. William S. Cox, III